[Cite as *State v. Smtih*, 2026-Ohio-2596.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO.  C-250690 |
| | | TRIAL NOS.  25/CRB/11733/A |
| Plaintiff-Appellee, | : | 25/CRB/11733/B |
| | | 25/CRB/11733/C |
| vs. | : | |
| | | |
| NICEO SMITH, | : | |
| | | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the appellant is discharged.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/8/2026 per order of the court.**

By:_____
     **Administrative Judge**

[Cite as *State v. Smtih*, 2026-Ohio-2596.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250690 |
| | | TRIAL NOS. | 25/CRB/11733/A |
| Plaintiff-Appellee, | : | | 25/CRB/11733/B |
| | | | 25/CRB/11733/C |
| vs. | : | | |
| NICEO SMITH, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: July 8, 2026


*Emily Smart Woerner*, City Solicitor, *Susan M. Zurface*, Chief Prosecuting Attorney, and *Amber Daniel Jeffrey*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela Chang*, Hamilton County Public Defender, and *Christine Y. Jones*, Assistant Public Defender, for Defendant-Appellant.

**MOORE, Judge.**

{¶1}    Defendant-appellant Niceo Smith appeals from the Hamilton County Municipal Court's judgment convicting him of drug paraphernalia, firearm, and traffic offenses after a bench trial. Smith raises two assignments of error, and first asserts that the court erred when it struck his suppression motion for being untimely. Smith also raises sufficiency and manifest-weight challenges to his drug and gun convictions. Because Smith's convictions are not supported by sufficient evidence, Smith's other assignments of error are moot. The judgments of the trial court are reversed, and Smith is discharged from further prosecution.

## I.  Factual and Procedural History

{¶2}    On July 10, 2025, Smith was arrested following a traffic stop. Smith was charged with unlawful possession of drug paraphernalia, improper handling of a firearm in a motor vehicle, unlawful carrying of a concealed weapon, driving while under a license suspension, and driving with an illegal window tint.

{¶3}    The court set an initial trial date for September 17, 2025. However, because the State completed discovery on the morning of the initial trial date, the court continued trial to September 29, 2025. Smith filed a suppression motion on the morning of the trial date. The court struck Smith's motion as not being timely. Despite Smith's counsel's claims that he had not had a chance to file the suppression motion sooner because of his number of clients, the court underscored that Smith had 12 days to review the State's discovery and that he should have filed his motion sooner.

{¶4}    On October 3, 2025, trial continued. That morning, Smith filed a motion requesting permission to file another suppression motion outside of time. Smith's counsel stated that even with the 12-day continuance between the initial and rescheduled trial date, he could not meaningfully review the State's discovery. The

court again struck Smith's motion and focused on the fact that Smith's counsel had been on the case since July, and that he knew that Smith was charged as a result of the police's search of Smith's car, but ultimately failed to timely file a motion to suppress.

{¶5} Cincinnati Police Officers Benajmin Williamson and Joseph Kemme testified for the State. Officer Williamson recalled observing a car with an opaque window tint at the intersection of McMicken Avenue and Vine Street that was playing music from a portable speaker mounted on the outside of the car. Based on this observation Officer Williamson initiated a traffic stop. Officer Williamson recalled that it took Smith nearly two blocks to stop. Officer Kemme testified that he assisted Officer Williamson with the traffic stop.

{¶6} Officer Williamson recalled speaking with Smith about the tint and noise violations, and that Smith's license was suspended. Smith stated that he was driving his aunt's car from Winton Terrace to visit his uncle on Main Street. Admitted portions of Officer Williamson's body-worn-camera ("BWC") footage revealed that at the outset of the stop, Smith stated that no guns were in the car. Officer Williamson asked Smith several times if he could search Smith's car, and on the fourth request Smith exited the car and the police began their search.

{¶7} Officer Williamson testified that he found a gun and a digital scale with white powdered residue. Officer Wiliamson testified that he retrieved the gun from underneath the driver's seat, and that the gun was "deep in there." Similarly, admitted portions of Officer Williamson's BWC footage showed that he opened the center console and sifted through its contents, removing chargers, hand sanitizer, and miscellaneous papers and receipts before finding the scale buried at the bottom of the console.

{¶8} Neither officer testified that they observed Smith engage in any furtive

4

movements, or that Smith seemed nervous.

{¶9}   Suzanne Elliot, a forensic chemist for the Hamilton County Crime Lab, stated that the powdered substance tested positive for methamphetamine and Delta-9 THC, and submitted her report corroborating her findings.

{¶10}  Smith was found guilty on all counts. For the drug-paraphernalia conviction, Smith was sentenced to a suspended jail term of 30 days and was placed on community control for one year. For Smith's unlawful-carrying-of-a-concealed-weapon and improper-handling convictions, Smith was sentenced to a suspended jail term of 180 days and was placed on community control for one year. This appeal followed.

## II. Analysis

{¶11}  On appeal, Smith raises four assignments of error. Smith first contends that the court abused its discretion when it refused to consider his untimely motion to suppress. He then argues that his drug-paraphernalia, improper-handling, and carrying-a-concealed-weapon convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. Smith's third and fourth assignments of error involve errors conceded by the State. Because our analysis of the second assignment of error renders the remaining assignments moot, we only address Smith's second assignment of error.

### A. Sufficiency

{¶12}  Smith's second assignment of error asserts that the State failed to establish that he constructively possessed the gun and digital scale.

{¶13}  A sufficiency challenge requires that we review "whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable

doubt." *State v. Dunn*, 2024-Ohio-5742, ¶ 28, quoting *State v. Dent*, 2020-Ohio-6670, ¶ 15.

**{¶14}** To establish constructive possession, the State must demonstrate that the defendant had "knowledge of an illegal substance or goods and the ability to exercise dominion or control over the substance or the premises on which the substance is found." *State v. Cook*, 2024-Ohio-4771, ¶ 19 (1st Dist.), quoting *State v. Williams*, 2023-Ohio-4667, ¶ 13 (1st Dist.). Constructive possession may be established through circumstantial evidence. *State v. Hicks*, 2023-Ohio-2209, ¶ 10 (1st Dist.), citing *State v. English*, 2010-Ohio-1759, ¶ 32 (1st Dist.). "Knowledge may in turn be inferred based upon a defendant's control and awareness of the premises." *Cook* at ¶ 19, quoting *Williams* at ¶ 13, citing *State v. Thomas*, 2003-Ohio-1185, ¶ 11 (1st Dist.). However, we have recognized that proximity alone is not dispositive to establish knowledge. *Id.* at ¶ 20, citing *Williams* at ¶ 13, citing *State v. Kingsland*, 2008-Ohio-4148, ¶ 13 (4th Dist.).

**{¶15}** This court has often paired a defendant's proximity to contraband with circumstantial evidence to establish constructive possession. In *State v. Thompson*, 2025-Ohio-4359, ¶ 111-115 (1st Dist.), we held that guns found on the defendant's bed, and next to mail addressed to the defendant established constructive possession. In *Cook*, we held that there was sufficient evidence to establish that the defendant constructively possessed drugs to support a trafficking conviction because the drugs were in plain view, immediately next to the defendant, and the defendant had other trafficking indicia on his person. *Cook* at ¶ 22-23. In *State v. Hicks*, 2023-Ohio-2209, ¶ 10 (1st Dist.), we held that a police officer's testimony that the back seat passenger kept adjusting a blanket, that was ultimately concealing a rifle, was sufficient circumstantial evidence to establish constructive possession.

{¶16} Other courts have reached a similar conclusion based on different kinds of circumstantial evidence. In *State v. Philpott*, 2020-Ohio-5267, ¶ 49 (8th Dist.), the Eighth District held constructive possession was established where the arresting officer testified that he saw the driver leaning down within his car, which demonstrated that he constructively possessed a gun that was later retrieved from under a floormat beneath the driver's seat. *See State v. Tisdel*, 2006-Ohio-6763, ¶ 28 (8th Dist.) (reaching the same conclusion). In *State v. Dodson*, 2011-Ohio-1092, ¶ 22-26 (10th Dist.), the Tenth District's affirmance of the defendant's conviction relied on the fact that the contraband was retrieved from under the driver's seat, and that the defendant stipulated that he owned the car. In *State v. McCain*, 2018-Ohio-4368, ¶ 52 (3d Dist.), the Third District held that a defendant's furtive movements in an area where contraband was ultimately found were indicative of the defendant's knowledge and possession of the contraband.

{¶17} We first address Smith's challenge to the conclusion that he constructively possessed the gun, before addressing his challenge related to the digital scale.

*1. The Gun*

{¶18} In *In re D.L.*, 2025-Ohio-1519 (1st Dist.), we recently decided a constructive possession challenge involving similar facts.

{¶19} In *D.L.*, the juvenile delinquent was the driver and sole occupant in a car that he did not own. *Id.* at ¶ 6, 27. Prior to police initiating the traffic stop, officers testified that they observed D.L. driving into a parking lot, pausing for a few minutes, only to commit an improper turn out of the parking lot and continue on his previous route. *Id.* at ¶ 4-5. Officers testified that this behavior "raised a flag" that D.L. did not want to drive in view of the police. *Id.* at ¶ 4, 26-27. While the arresting officer testified

that D.L. was nervous, he based his determination on "a gut feeling" and could not identify any observed behavior that would support this determination. During the traffic stop, officers observed a black bag strap in plain view protruding from under the driver's seat. *Id.* at ¶ 7. Police withdrew the bag and then retrieved a gun from within the bag. D.L. was adjudicated delinquent for acts that if committed by an adult would have constituted unlawful carrying of a concealed weapon, improper handling of a firearm in a motor vehicle, and receipt of stolen property.

**{¶20}** We affirmed D.L.'s adjudications and held that there was sufficient evidence to establish constructive possession. We considered the circumstances surrounding the location of the gun, including that the bag was located under the driver's seat, that D.L. was the sole occupant of the car, and that the bag's strap was in plain view and was within D.L.'s reach. *Id.* at ¶ 25-26. We also considered the police officers' testimony that D.L. engaged in evasive driving once police were behind D.L.'s car. *Id.* at ¶ 27. We conceded that the evidence in *D.L.* was "not strong," but under the generous deference we afford the State while conducting a sufficiency review, we ultimately held that the State put forth sufficient evidence to establish constructive possession. *Id.*

**{¶21}** Smith's case is distinguishable from *D.L.* No part of the gun was in plain view, nor was the gun readily accessible. To the contrary, Officer Williamson described the gun's location as being deep under the driver's seat. Neither officer testified that Smith engaged in any furtive movements, nor did either officer testify that based on their observation of Smith's behavior that they believed that something was amiss. While the officers mentioned that it took Smith two blocks to pull over on McMicken Avenue, neither officer testified that based on their experience this raised a similar "flag" as the officers testified that D.L.'s actions had. *See D.L., 2025-Ohio-1519,* at ¶ 27

(1st Dist.).

{¶22} In *D.L.*, we recognized that the evidence in that case was weak. *Id.* Here, the State put forth even less evidence to establish that Smith constructively possessed the gun.

{¶23} Despite the lack of circumstantial evidence, the State still contends that there is sufficient evidence to support Smith's convictions. However, to adopt the State's position based on the present record, we would be creating a strict-liability standard by which any lone driver, regardless of whether he owns the car he happens to be driving, would constructively possess all contraband near the driver. To do so would disregard our long-established principle that a driver's proximity alone is not enough to establish constructive possession.

{¶24} Therefore, we hold that the State did not put forth sufficient evidence to establish that Smith constructively possessed the gun.

### 2. *The Digital Scale*

{¶25} We have also addressed a similar set of circumstances concerning a defendant's proximity to contraband found within the center console. In *State v. Devaughn*, 2020-Ohio-651 (1st Dist.), police received a tip from a confidential informant that drugs were being kept in a Mazda at a specific location. *Id.* at ¶ 3. Police observed the defendant park behind the Mazda, open the Mazda's door and lean in, but did not observe what the defendant did inside of the car. *Id.* at ¶ 4. While the defendant ultimately fled in his own car, police were able to search the Mazda and found drugs at the top of the car's center console. On appeal, we reversed the defendant's possession and trafficking convictions for failure to establish that he constructively possessed the drugs. We considered that the defendant was not the registered owner of the car, the defendant was not observed accessing the console or

placing any items in the car, police had not observed him drive the car, and there was no DNA or fingerprints recovered from the car or the drugs. *Id.* at ¶ 35; *compare State v. Williams*, 2004-Ohio-1130, ¶ 34 (4th Dist.) (holding that the driver constructively possessed drugs at the top of the center console's contents, next to a receipt bearing the driver's name, where the car smelled of marijuana and the driver had ready access to the drugs).

{¶26} Like in *Devaughn*, the evidence linking Smith to the digital scale is insufficient. The State relied on the fact that Smith was the driver and sole occupant and was near the scale at the time of the stop. No additional evidence was introduced showing that the center console contained any receipts or personal effects that would link the scale to Smith, nor was there any testimony that Smith frequently drove or operated the car. The State did not introduce any DNA or fingerprint evidence that would have shown that Smith exercised control over the scale. The State did not present any testimony that Smith engaged in furtive behavior or that he seemed nervous.

{¶27} This court has yet to take the position that a driver is responsible for all contraband contained with a car, and rightly so. To do so would create the problematic proposition that any driver, even if they are borrowing a car, would be strictly liable for all contraband found in the car. We decline to do so.

{¶28} Therefore, we hold that the State failed to present sufficient evidence to establish that Smith constructively possessed the scale. The second assignment of error is sustained.

{¶29} Our holding that Smith's convictions were not based on sufficient evidence renders Smith's remaining assignments of error related to the denial of his motion to suppress, his manifest-weight challenge, as well as the errors conceded by

the State moot.

### III. Conclusion

**{¶30}** Having found that Smith's drug paraphernalia and firearm convictions were not supported by sufficient evidence, we reverse the judgment of the trial court and discharge Smith from further prosecution for these offenses.

Judgments reversed and appellant discharged.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.